IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH SICKLER,

      Plaintiff,                      No. CIV S-11-0205 WBS EFB (TEMP) P

    vs.

T. CURTIS, et al.,

      Defendants.             ORDER

_____/

       Joseph Sickler, an inmate confined at Kern Valley State Prison, filed this pro se civil rights action under 42 U.S.C. § 1983.  Plaintiff's complaint concerns events alleged to have occurred while he was housed at Mule Creek State Prison.  In addition to filing a complaint, plaintiff has filed an application to proceed in forma pauperis.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

**I.    Request to Proceed In Forma Pauperis**

       Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  Dckt. No. 2.  Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).  Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

1

## II.     Screening Order

Pursuant to 28 U.S.C. § 1915A, the court shall review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

The court has reviewed plaintiff's complaint and, for the limited purposes of § 1915A screening, finds that it states a cognizable claim under the Eighth Amendment against defendant Curtis.

For the reasons stated below, the complaint does not state a cognizable claim against defendant Yusuf. This claims will therefore be dismissed with leave to amend.

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Id.* (citations and quotation marks omitted). Although legal conclusions can provide the

////

framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth. *Id.* at 1950.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978).

Plaintiff asserts defendant Yusuf failed to provide him with medical care. The Eighth Amendment's prohibition of cruel and unusual punishment extends to medical care of prison inmates. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). In order to state a section 1983 claim for violation of the Eighth Amendment based on inadequate medical care, a prison inmate must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Id*. at 106. Plaintiff alleges defendant Yusuf was present in an area at the same time as plaintiff immediately following plaintiff's being attacked by another inmate. Plaintiff asserts Yusuf, a nurse, failed to provide plaintiff with medical attention and left the area. However, plaintiff fails to indicate how he was injured by anything attributable to Yusuf, especially considering he did receive medical attention after he was attacked, or that Yusuf's actions amounted to deliberate indifference to plaintiff's injuries. For these reasons, plaintiff's claim against defendant Yusuf must be dismissed.

Plaintiff may proceed forthwith to serve defendant Curtis or he may delay service and attempt to state a cognizable claim against Yusuf.

If plaintiff elects to attempt to amend his complaint to state a cognizable claim against Yusuf he has 30 days so to do. He is not obligated to amend his complaint. However, if plaintiff

elects to proceed forthwith against Curtis, against whom he has stated a cognizable claim for relief, then within 30 days he must return materials for service of process enclosed herewith. In this event the court will construe plaintiff's election as consent to dismissal of all claims against defendant Yusuf without prejudice.

Any amended complaint must adhere to the following requirements:

It must be complete in itself without reference to any prior pleading. E.D. Cal. Local Rule 220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading is superseded.

It must show that the federal court has jurisdiction and that plaintiff's action is brought in the right place, that plaintiff is entitled to relief if plaintiff's allegations are true, and must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. *Johnson*, 588 F.2d at 743 (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

It must contain a caption including the name of the court and the names of all parties. Fed. R. Civ. P. 10(a).

Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). Unrelated claims against different defendants must be pursued in multiple lawsuits. "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim . . . may join, [] as independent or as alternate claims, as many claims . . . as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in

different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also* Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless both commonality and same transaction requirements are satisfied). Plaintiff may not change the nature of this suit by alleging new, unrelated claims in an amended complaint. *George*, 507 F.3d at 607 (no "buckshot" complaints).

The allegations must be short and plain, simple and direct and describe the relief plaintiff seeks. Fed. R. Civ. P. 8(a); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002). A long, rambling pleading, including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury or joining a series of unrelated claims against many defendants very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Rule 41 of the Federal Rules of Civil Procedure for violation of these instructions.

Plaintiff must sign the complaint. Fed. R. Civ. P. 11(a). By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. *Booth v. Churner*, 532 U.S. 731, 741 (2001). By signing an amended complaint plaintiff certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of his entire action, including his claims against defendant Curtis.

5

Accordingly, the court hereby orders that:

1. Plaintiff's request to proceed in forma pauperis is granted.

2. Plaintiff must pay the statutory filing fee of $350 for this action. All payments shall be collected and paid in accordance with the notice to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Claims against defendant Yusuf are dismissed with leave to amend. Within 30 days of service of this order, plaintiff may amend his complaint to attempt to state cognizable claims. Plaintiff is not obligated to amend his complaint.

4. The allegations in the pleading are sufficient at least to state cognizable claims against defendant Curtis. *See* 28 U.S.C. § 1915A. With this order the Clerk of the Court shall provide to plaintiff a blank summons, a copy of the complaint filed January 24, 2011, one USM-285 form and instructions for service of process on defendant Curtis. Within 30 days of service of this order plaintiff may return the attached Notice of Submission of Documents with the completed summons, the completed USM-285 forms, and two copies of the January 24, 2011 complaint. The court will transmit them to the United States Marshal for service of process pursuant to Rule 4 of the Federal Rules of Civil Procedure. Defendant Curtis will be required to respond to plaintiff's allegations within the deadlines stated in Rule 12(a)(1) of the Federal Rules of Civil Procedure. In this event, the court will construe plaintiff's election to proceed forthwith as consent to an order dismissing his defective claims against defendant Yusuf without prejudice.

5. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: February 23, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

6

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH SICKLER,

        Plaintiff,                  No. CIV S-11-0205 WBS EFB (TEMP) P

    vs.

T. CURTIS, et al.,

        Defendant.              NOTICE OF SUBMISSION OF DOCUMENTS

_____/

      In accordance with the court's order filed _____, plaintiff hereby elects to:

      (1) _____ consent to the dismissal of defendant Yusuf without prejudice, and submits the following documents:

          __1__      completed summons form

          __1__      completed USM-285

          __2__      copies of the January 24, 2011 Complaint

**OR**

      (2) _____ delay serving any defendant and file an amended complaint in an attempt to state cognizable claims against defendant Yusuf.

Dated:

                                                  _____
                                                           Plaintiff