IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH SICKLER

      Plaintiff,                    No. CIV S-11-0205 WBS CKD P

    vs.

T. CURTIS, et al.

      Defendants.               <u>ORDER</u>

/

          Plaintiff is a state prisoner proceeding without counsel in an action under 42 U.S.C. § 1983.  He seeks a sixty-day extension of the deadline for amending the complaint.  As cause, plaintiff states that he has agreed to a thirty-day extension of defendant Curtis' time to respond to his discovery requests.  Plaintiff states that he has not yet received the responses and may have cause to file an amended complaint after he sees the information contained in those requests.  It appears defendant's responses are now due no later than October 16, 2011.

          Good cause appearing, the motion for an extension of time to amend the complaint will be granted, but not to the extent requested.  Plaintiff shall have forty-five days from the entry of this order in which to seek leave to amend the complaint.[1]

---

[1] Plaintiff is reminded that, pursuant to Fed. R. Civ. P. 15(a)(2), plaintiff must obtain either the defendant's consent to file an amended complaint or the court's permission.  Should he seek the court's permission, he must file a motion requesting leave to amend as well as a copy of the proposed amended complaint.  If he submits a proposed amended complaint, he should label

In addition, plaintiff has requested the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances at this time. Plaintiff's request for the appointment of counsel will therefore be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. The motion for an extension of time in which to file an amended complaint (Docket No. 28) is granted in part and denied in part. Plaintiff has forty-five days from the entry of this order in which to file a motion for leave to file an amended complaint.

2. The motion for appointment of counsel (Docket No. 29) is denied.

Dated: September 16, 2011

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

3
sick0205.ord

---

it "First Amended Complaint." The court will examine the proposed amended complaint according to the same screening standards it applied to the original complaint, as required by 28 U.S.C. § 1915A. In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's proposed amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint and it is accepted by the court, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.