IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH SICKLER,

    Plaintiff,                        No. CIV S-11-0205 WBS CKD P

    vs.

T. CURTIS, et al.,                  ORDER AND

    Defendants.                FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se with an action under 42 U.S.C. § 1983. He has filed several motions with the court, one of which is a request for injunctive relief.

    I. Miscellaneous motions

        Plaintiff has filed a motion to compel defendant's compliance with his requests for production of documents. Defendant represents that on December 23, 2011, her counsel served plaintiff with 399 documents in response to the requests. Defendant speculates that the documents and the instant motion to compel likely crossed in the mail. For his part, plaintiff acknowledges that he received the documents, but he contends that the motion to compel is not moot. Apparently defendant responded to several of the requests by saying that the documents sought were not in her possession or control and would have to be subpoenaed from the California Department of Corrections and Rehabilitation (CDCR). See Reply at 2 (Docket No.

49). Plaintiff argues that despite the location of the documents, defendant's and defendant's counsel's relationships with CDCR make the documents easily accessible. Id. at 3. He does not go so far as to claim, however, that defendant can produce the documents without procuring them from CDCR.

Defendant is correct that plaintiff must obtain any documents held by CDCR by directly subpoenaing CDCR. Defendant was an employee of CDCR at the time of the underlying allegations of this lawsuit, but that relationship does not enable or entitle her to produce documents over which CDCR has sole control, which appears to be the case as to at least some of the documents plaintiff seeks. Instead, plaintiff must move the court to issue a subpoena duces tecum on his behalf, pursuant to Rule 45, directing CDCR to produce the documents. In so doing, he must provide requests for production describing the documents that he believes CDCR currently possesses. The requests must be specific enough for CDCR to discern the nature of the documents sought. The court will allow plaintiff a short period of time in which to file a motion for subpoena duces tecum – however, the court's allowance does not preclude CDCR from making a timely motion to quash or otherwise object to the subpoena.

Plaintiff has filed a motion to supplement his opposition to defendant's motion for summary judgment. Defendant has no opposition to the motion. See Reply at 10 (Docket No. 41). Therefore the motion to supplement the opposition to the motion for summary judgment will be granted, and plaintiff's supplements, which he filed concurrently with the request, will be accepted.

Plaintiff has requested the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court

does not find the required exceptional circumstances.  Plaintiff's request for the appointment of counsel will therefore be denied.

Finally, plaintiff's motion for additional time in which to file a reply to defendant's supplemental reply is moot in light of his submission of April 6, 2012.

II.  Request for injunctive relief

Plaintiff has moved for an order granting him "priority" status in accessing the prison law library.  Such a request is, in effect, a request for injunctive relief.

A preliminary injunction should not issue unless necessary to prevent threatened injury that would impair the court's ability to grant effective relief in a pending action.  "A preliminary injunction... is not a preliminary adjudication on the merits but rather a device for preserving the status quo and preventing the irreparable loss of rights before judgment."  Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1422 (9th Cir. 1984).  A preliminary injunction represents the exercise of a far reaching power not to be indulged except in a case clearly warranting it.  Dymo Indus. v. Tapeprinter, Inc., 326 F.2d 141, 143 (9th Cir. 1964).  "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'"  Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009), quoting Winter v. Natural Res. Def. Council, Inc., ___ U.S. ___, 129 S.Ct. 365, 375-76 (2008).  In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

An inmate has a constitutionally protected right of meaningful access to the courts.  Bounds v.  Smith, 430 U.S. 817, 820-21 (1977).  However, there is no freestanding constitutional right to law library access for prisoners.  See Lewis v. Casey, 518 U.S. 343, 350-51 (1996).  Instead, law library access serves as one means of ensuring the constitutional right of

access to the courts.  See id. at 351.  "[T]he Constitution does not guarantee a prisoner unlimited access to a law library.  Prison officials of necessity must regulate the time, manner, and place in which library facilities are used."  Linquist v. Idaho State Bd. of Corrections, 776 F.2d 851, 858 (9th Cir.1985).  A prisoner claiming that his right of access to the courts has been (or will be) violated due to inadequate library access must show that: 1) access was so limited as to be unreasonable, and 2) the inadequate access caused (or will cause) actual injury.  Vandelft v. Moses, 31 F.3d 794, 797 (9th Cir. 1994).

      A prisoner cannot make conclusory declarations of injury in alleging his access to the courts has been impeded.  That is, it is not enough for an inmate to show some sort of denial of access and leave it at that.  He must also show "actual injury" from the denial or delay of services.  The Supreme Court has described the actual injury requirement:

> [T]he inmate... must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim.  He might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known.  Or that he suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable even to file a complaint.

Lewis v. Casey, 518 U.S. 343, 351 (1996).  If the underlying action is frivolous, a plaintiff cannot make the necessary showing of actual injury.  See Christopher v. Harbury, 536 U.S. 403, 415 (2002).

      Plaintiff has failed to demonstrate that in the absence of preliminary injunctive relief he is likely to suffer actual injury in prosecuting his case.  "Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction."  Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988), citing Goldie's Bookstore, Inc. v. Superior Court, 739 F.2d 466, 472 (9th Cir. 1984).  To the contrary, plaintiff has thus far prosecuted his case ably, and the negative effects of any new restrictions on his library access are

4

belied by his continued ability to file motions and respond to defendant's filings.  Plaintiff has provided no basis for this court to interfere with the prison's administration of its law library, so his request for injunctive relief should be denied.

        Accordingly, IT IS HEREBY ORDERED that:

        1.  Plaintiff's request for the appointment of counsel (Docket No. 51) is denied.

        2.  The motions for extension of time (Docket Nos. 39 and 54) and to compel (Docket No. 40) are moot.

        3.  The motion to submit an additional opposition (Docket No. 43) is granted. Plaintiff's supplements to his opposition to the motion for judgment are accepted as properly filed.

        4.  Plaintiff has twenty-one days from his receipt of this order in which to file a motion for subpoena duces tecum.

        IT IS RECOMMENDED that plaintiff's motion for a court order regarding access to the law library (Docket No. 52), construed by the court as a request for injunctive relief, be denied.

        These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

////
////
////
////
////
////

shall be served and filed within twenty-one days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 17, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

3
sick0205.31